E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    Federal Courthouse, 11th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile:  (213) 894-6269
    E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$256,276.00 IN U.S. CURRENCY AND APPROXIMATELY 26 MISCELLANEOUS COINS,<br><br>Defendants.<br><br>ESTATE OF STANLEY HUDSON,<br><br>Claimant. | Case No. 2:21-cv-07310-CAS(KSx)<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER (1) AUTHORIZING PLAINTIFF UNITED STATES OF AMERICA TO SELL THE DEFNDANT MISCELLANEOUS COINS AND APPLY THE NET SALE PROCEEDS AND THE DEFENDANT $256,276.00 IN U.S. CURRENCY TO STANLEY HUDSON'S FEDERAL RESTITUTION ORDER; AND (2) DISMISSING THIS CIVIL FORFEITURE ACTION WITHOUT PREJUDICE**<br><br>Date:    July 22, 2024<br>Time:    10:00 a.m.<br>Courtroom:  8D, the Honorable<br>           Christina A. Snyder |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff United States of America submits this reply memorandum of points and authorities in support of its motion for an order (1) authorizing plaintiff United States of America to sell the defendant Approximately 26 Miscellaneous Coins and apply the net proceeds from the sale and the defendant $256,276.00 in U.S. Currency to Stanley Hudson's restitution order in <u>United States of America v. Thomas Cochee and Stanley Hudson</u>, Central District of California Case No. 08-cr-715(A)-PSG (ECF No. 125); and (2) dismissing this civil forfeiture action without prejudice.[1] The claimant in this case, the Estate of Stanley Hudson (acting through the Estate's representative Christopher Hudson pursuant to the Court's May 17, 2024's order under Fed. R. Civ. P. 25 substituting the Estate in place of former claimant Stanley Hudson in this case), has filed no substantive opposition to the government's motion.[2] The claimant Estate has neither discussed nor refuted the legal authorities in the government's motion which motion, if granted, will result in the distribution of the defendant assets without further delay to the victims of the crime for which Stanley Hudson was convicted long ago.

Instead of filing a substantive opposition, the Estate seeks to further delay the resolution of this matter and the resultant payment to victims.[3] In its July 1, 2024

---

[1] Concurrently herewith, the government is filing a reply brief in the related case <u>United States v. Cryptocurrency, Claimant Estate of Stanley Hudson</u>, Case No. 2:22-cv-00556-CAS(KSx).

[2] The Estate's failure to contest the substantive arguments in the government's moving papers, standing alone, warrants the granting of the government's motion. <u>See</u> Local Rule 7-12 (the failure to file any required document within the deadline may be deemed consent to the granting of the motion).

[3] The government has previously advised that Stanley Hudson died over one and one-half years ago on March 12, 2023, the government's July 31, 2023 status report noted that the government would wait a reasonable period of time before filing the Fed. R. Civ. P. 25(a)(1) "statement noting the death" which would trigger the 90 day period for Stanley Hudson's estate to file its Fed. R. Civ. P. 25 substitution motion or else have Stanley Hudson be defaulted in this case, and the government waited until January 8, 2024 to file the statement of death. ECF No. 30 (government's partial opposition to Christopher Hudson's substitution motion) at 2:1-3:11. The government has also previously advised that Isaiah Hudson whose motion to substitute as the Estate's representative was denied by the Court on May 17, 2024 (ECF No. 39), had been searching for nearly one year between July 2023 and May 6, 2024 without success to

*(footnote cont'd on next page)*

opposition, counsel for the Estate, <u>for the first time</u> advises (despite having filed multiple documents in this case beginning April 4, 2024 without disclosing this information) that counsel lacks full authority to represent the Estate in this federal <u>in rem</u> civil forfeiture action.  Counsel states he was neither retained nor authorized by the State Probate Court to litigate the underlying issues in this civil forfeiture case[4] and entered this case for the limited purpose of representing Christopher Hudson's interest and role as the estate's administrator.  Based on this disclosure, counsel asks that the Court delay the resolution of the government's motion to allow Christopher Hudson to find a lawyer to represent Christopher Hudson in this case.[5]  The Estate's request should be denied.

On April 4, 2024, Christopher Hudson filed a "motion for substitution of party pursuant to Fed. R. Civ. P. 25(a)(1)."  Nowhere in that motion is there any reference to any limitation on counsel's authority to represent the Estate in this civil forfeiture case.  Instead, the motion requests that the Estate be substituted as a party in this case in place of Stanley Hudson, and provides:

> The government filed a Statement of Death pursuant to FRCP 25 on January 8, 2024, triggering the 90-day window for the filing of a motion of substitution of parties.  Our office represents The Estate of Stanley Hudson, and the administrator of the estate, Christopher Hudson. . . . We request that The Estate of Stanley Hudson, with Christopher Hudson as its administrator, become the substituted party for the decedent, Mr. Stanley Hudson.

---

find a lawyer to represent him in probate matters.  ECF No. 35 (government's opposition to Isaiah Hudson's substitution motion) at 1:13-25, 2:19-20 and 3:18-19 and footnote 2 at 3:25-28.

[4] The Estate's opposition does not set forth the specific authority, either from the Probate Court or caselaw, granting counsel authority to act as counsel in State court, Federal court, or reflecting the extent of counsel's authorization, in order to enable the government to address the contention, nor does counsel specify the exact authority counsel possesses under any retainer agreement with Christopher Hudson and the Estate.

[5] But even that statement is unclear.  The substituted party is the Estate of Stanley Hudson, not Christopher Hudson as an individual.

2

ECF No. 28 at 2:20-27. Most significantly, while asserting in the July 1, 2024 opposition that counsel lacks authority to represent the Estate on the underlying issues in this case (e.g., whether the defendants would be forfeited or conversely returned to the Estate), Estate counsel has done precisely that, both in the April 4, 2024 substitution motion and thereafter. The April 4, 2024 substitution motion requested that the Court order the government to return the defendant assets, arguing "We further request that all property in the government's possession be immediately returned to the estate through the administrator, Christopher Hudson." ECF No. 28 at 2:27-3:2. But the government, as discussed below, opposed that request and the Court rejected the Estate's request.

Pursuant to the Court's order filed May 17, 2024, the Court denied the motions, opposed by the government,[6] filed in the instant and related cases by Isaiah Hudson to be substituted as the representative of the Estate in place of deceased claimant Stanley Hudson and Isaiah Hudson's request to continue the respective Isaiah Hudson and Christopher Hudson motions until August 31, 2024 to allow Isaiah Hudson to try to find a lawyer to file a lawsuit in State Court to oust Christopher Hudson as the Estate's State Probate Code appointed representative.[7] ECF No. 39. In addition, the Court granted Christopher Hudson's substitution motion in part,[8] and ruled that the Estate, through Christopher Hudson as representative, would be substituted in the instant and related civil forfeiture cases under Fed. R. Civ. P. 25 in place of deceased former claimant Stanley Hudson. ECF No. 39. Also, the Court denied Christopher Hudson's request that

---

[6] The Estate, via its representative Christopher Hudson, joined in the government's opposition to Isaiah Hudson's motion by filing the joinder on May 6, 2024. ECF No. 36.

[7] As the Court's May 17, 2024 Order reflects, the government noted the extreme delay in this matter as Isaiah Hudson, whom the government had understood was Stanley Hudson's representative from July 2023 when the government filed its status report regarding the criminal investigation until April 2024 when Christopher Hudson filed his substitution motion, had been seeking legal advice on probate matters for nearly one year. ECF No. 39.

[8] The Court denied the Estate's request that the defendant assets be returned to the Estate. The government did not oppose the remainder of the Christopher Hudson substitution motion. ECF No. 30 (government's partial opposition to Christopher Hudson's substitution motion).

3

1  the government return property to the Estate, lifted the stay of the actions, set a
2  scheduling conference in both cases for July 8, 2024 and directed Christopher Hudson to
3  respond by June 10, 2024 to the government's complaint in <u>United States v. $256.276.00</u>
4  <u>in U.S. Currency, et al.</u>, Case No. 2:21-cv-07310-CAS(KSx).  ECF No. 39.

5       By a text notice filed May 24, 2024, which was emailed to Estate counsel that
6  same day, the Court directed Estate counsel to file a notice of appearance in the
7  <u>Cryptocurrency</u> case forthwith.  ECF No. 40 in <u>Cryptocurrency</u> case.  But counsel never
8  filed the notice of appearance, nor did counsel file or submit anything else advising that
9  counsel lacked authority to do so.  Thereafter, on June 10, 2024, counsel again
10 represented the Estate on the underlying issues, by filing an answer to the complaint in
11 the instant <u>$256,276.00</u> case, admitting, denying or averring a lack of information and
12 belief to the complaint's allegations and asserting affirmative defenses, without in any
13 way indicating that counsel had limited authority in connection with this case.  ECF No.
14 40.  Yet, when called upon to oppose the government's motion, addressing the
15 underlying issues in this case, which seeks to apply the defendant assets to Stanley
16 Hudson's restitution order, Estate counsel argues doing so would exceed counsel's
17 authority.  That argument should be rejected.

18      Therefore, the government's motion should be granted and the Estate's request for
19 a continuance should be denied.  The government's motion seeks to apply the defendant
20 assets to Stanley Hudson's long unpaid restitution order.  With respect to Christopher
21 Hudson's April 4, 2024 substitution motion, Christopher Hudson has had ample notice
22 of the Estate's liability for the outstanding restitution order, so the government's motion
23 should hardly come as a surprise.  The government noted in its April 15, 2024 partial
24 opposition to Christopher Hudson's April 4, 2024 substitution motion that 18 U.S.C.
25 § 3613(b) provides "[i]n the event of the death of the person ordered to pay restitution,
26 <u>the individual's estate will be held responsible for any unpaid balance of the restitution</u>
27 <u>amount</u>, and the lien provided in subsection (c) of this section shall continue until the
28 estate receives a written release of that liability."  (emphasis added).  ECF No. 30

(government's partial opposition to Christopher Hudson's substitution motion at 4:25-28. The government's motion relies upon multiple, well-settled authorities holding the government can use all of decedent Stanley Hudson's assets to satisfy a restitution order regardless of whether those assets are subject to forfeiture (ECF No. 41 at 2:2-6:11), any alleged illegality of the seizure of the defendant assets is irrelevant (ECF No. 41 at 6:12-7:25) and the restitution order is not discharged by Stanley Hudson's death (ECF No. 41 at 8:1-21).

Finally, the Estate's reliance on California probate statutes and one California case is wide-of-the-mark for multiple reasons. First, under the Supremacy Clause, this Court's authority overrides any state court procedures and proceedings. See Silkwood v. Kerr-Magee Corp., 464 U.S. 238, 248 (1984). Second, the government has filed an in rem federal civil forfeiture action seeking to forfeit the defendant assets in which Stanley Hudson or the Stanley Hudson Estate has been a claimant, not an in personam action against Stanley Hudson or the Stanley Hudson Estate.[9] Accordingly, the federal court has jurisdiction over the defendant assets rather than the State Probate court because the instant action was filed long before the State probate proceedings began on May 2, 2023 and concluded on July 3, 2023.[10] ECF No. 30 (government's partial opposition to

---

[9] Accordingly, the Estate's reliance on Dobler v. Arluk Medical Center Inds. Group, Inc., 89 Cal. App. 4th 530, 536 (2001) for the proposition that a "timely filed claim is a condition precedent to filing an action against a decedent's estate" is unavailing. The government has not filed an action against the Stanley Hudson Estate and in any event the government filed its lawsuit before the Stanley Hudson Estate initiated State probate proceedings.

[10] It is "well-settled law that only one court may have jurisdiction over the res in an in rem proceeding, and therefore the first court to obtain in rem jurisdiction maintains it to the exclusion of all others, whether that court be state or federal." Madewell v. Downs, 68 F.3d 1030, 1041 n. 13 (8th Cir. 1995) (citations omitted). Accord, Donovan v. City of Dallas, 377 U.S. 408, 412 (1964) ("[I]n cases where a court has custody of property, that is, proceedings in rem or quasi in rem, . . . the state or federal court having custody of such property has exclusive jurisdiction to proceed") (citation omitted). See also ECF Nos. 9 and 10 (arrest warrants) and Ventura Packers, Inc. v. F/V Kathleen, 424 F.3d 852, 858 (9th Cir. 2005) (in rem jurisdiction is usually obtained by serving an arrest warrant); United States v. 2,164 Watches, 366 F.3d 767, 771 (9th Cir. 2004) ("jurisdiction over the res is obtained by arrest under process of the court") (internal quotation marks and citation omitted).

1 Christopher Hudson's substitution motion at 3:13-21 and 27-28).  Third, even if this
2 were an in personam case, the Estate's argument that the government must show it filed
3 a claim in State probate court against the Estate makes no sense where the Estate has not
4 offered evidence that it complied with the State Probate procedures requiring the Estate
5 to provide notice to the government of the government's right to and the procedures for
6 filing a claim in the State Probate Court,[11] or that the Estate even included the defendant
7 assets in its State probate filings and identified them as part of the Stanley Hudson
8 Estate.  Fourth, there is no affirmative defense in the Estate's answer to the complaint
9 that raises the State Probate Code statutes.  (ECF No. 40).  Fifth, the restitution statutes
10 clearly provide that the government's has priority here, as the government's lien on the
11 defendant assets "arises on entry of judgment" which occurred here on November 19,
12 2009 when the restitution order was entered against Stanley Hudson, or some 14 years
13 before the probate proceedings commenced in 2023.  ECF No. 41 (government's
14 opening brief at 6:16-28).  The Estate of Stanley Hudson's arguments, therefore, are both
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /

---

[11] The Stanley Hudson Estate argues that, under Cal. Probate Code § 9100, a claim must be first filed "60 days after notice is provided to the creditor."  However, even if the inapplicable California Probate Code statutes were nevertheless applied here, those statutes provides no prohibition barring any government's claim based on the restitution order pursuant to those States statutes.  The Estate has ignored Cal. Probate Code § 9050, which provides "[s]ubject to section 9054 [which is inapplicable here], the personal representative shall give notice of administration of the estate to the known or reasonably ascertainable creditors of decedent."  Because the restitution order was publicly filed and Stanley Hudson had filed a claim in the federal civil forfeiture action, Stanley Hudson's restitution order was reasonably ascertainable to the Estate's personal representative, yet no notice of the probate proceedings was provided.

legally and logically unsupportable. Accordingly, the government respectfully requests that its motion be granted.

Dated: July 5, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney
Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA